# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KINGDOM LIFE CHURCH, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-22-98-F |
| GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

The court is in receipt of defendant, GuideOne Specialty Mutual Insurance Company's Notice of Removal (Notice).  Doc. no. 1.  The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332.  *Id*. at ¶ 5.  However, the jurisdictional allegations in the Notice are insufficient to establish diversity jurisdiction.[1]

First, the Notice alleges that defendant "is an Iowa Corporation doing business in the State of Oklahoma."  Doc. no. 1, ¶ 7.  For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The Notice fails to allege the state where defendant has its principal place of business.

Second, the Notice alleges that plaintiff "is and has at all pertinent times been a resident of Oklahoma County, State of Oklahoma."  Doc. no. 1, ¶ 6.  For purposes

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

of diversity jurisdiction, residence alone is not the equivalent of citizenship. *See*, State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). Moreover, since plaintiff is an artificial entity, rather than an individual, its citizenship depends on the type of entity plaintiff is, *i.e.*, corporation, unincorporated association, general partnership, limited partnership, or limited liability company. This is true whether the plaintiff is a religious or secular organization. *See*, Smith v. Church of Jesus Christ of Latter-Day Saints, 431 F. Supp. 3d 733, 736 (E.D. Va. 2020). Neither the Notice nor the state court petition identifies what type of entity plaintiff is. If plaintiff is a corporation, the Notice must identify the state or states of incorporation and the state where plaintiff has its principal place of business. If plaintiff is an unincorporated association, general partnership, limited partnership, or limited liability company, its citizenship is determined by all its partners or members and the Notice must identify all plaintiff's partners or members and the state or states of citizenship of those partners or members. *See*, Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016); Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). Also, if any partner or member of plaintiff is itself an artificial entity, the Notice must trace the citizenship of that partner or member down through however many layers there may be. *See*, Gerson v. Logan River Academy, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021). Further, if any member is an individual, the Notice must allege the state of citizenship, as opposed to the state of residence, for that individual.

Accordingly, defendant is **DIRECTED** to file an amended notice of removal, within ten days of the date of this order, which provides the missing jurisdictional information regarding defendant and plaintiff to establish diversity

jurisdiction.[2]  Defendant may provide the jurisdictional information regarding plaintiff based upon information and belief.  If defendant is unable to provide the missing jurisdictional information regarding plaintiff, defendant shall file a written notice so advising the court at the same time it files the amended notice of removal.

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 4th day of February, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0098p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.